UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS L. SANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:23-cv-01242-JAR |
| | ) |
| ANDREW BAILEY, in his official capacity as the Attorney General of the State of Missouri; and JAMES HUDANICK, in his Official capacity as the Chief of Police of the City of Hazelwood, Missouri, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT HUDANICK'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT**

COMES NOW Defendant Police Chief James Hudanick, by and through undersigned counsel and pursuant to F.R.C.P 12(b)(6), and for his Memorandum of Law in Support of his Motion to Dismiss Plaintiff's Verified Complaint, states as follows:

1. Plaintiff's Verified Complaint [Doc. 1] seeks only to enjoin the enforcement of the signage requirement provision set forth in Mo. Rev. Stat. §589.426.1(3) and to have that same provision declared unconstitutional.

2. Defendant Hudanick, the Chief of Police of the Hazelwood Police Department who has been sued in his official capacity only, joins in the legal arguments in the Motion to Dismiss [Doc. 27] submitted by Missouri Attorney General Andrew Bailey, which fully sets forth the basis for dismissal of Plaintiff's §1983 claims brought in Counts I and II against both Defendants.

3. In addition, Plaintiff's claims fail to state a viable claim against Defendant Hudanick in that Plaintiff has failed to allege facts that support municipal liability.

1

4.	Plaintiff has sued Defendant Hudanick in his official capacity only.  A claim against a municipal official in his official capacity is treated as a claim against the entity itself.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (an official capacity claim is "another way of pleading an action against the entity of which an officer is an agent.").

5.	A municipality is subject to liability under §1983 only when the alleged violation of federally protected rights is attributable to an official municipal policy, unofficial custom, or decision of a final municipal decisionmaker.  *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  This policy or custom requirement applies to claims for prospective relief, such as an injunction or declaratory judgment.  *Los Angeles County v. Humphries*, 131 S. Ct. 447, 452 (2010).

6.	Plaintiff's allegations against Defendant Hudanick are that he "is responsible for the enforcement of the Missouri State Law against Plaintiff Sanderson, including the unlawful provision of the Statute at issue in this action."  (*Doc. 1*, ¶ 14).

7.	Because Plaintiff's Verified Complaint does not lodge allegations sufficient to trigger liability under the requirements of *Monell*, Plaintiff's claims against Defendant Hudanick in his Verified Complaint should also be dismissed.

WHEREFORE Defendant Police Chief James Hudanick respectfully requests that this Court dismiss Plaintiff's Verified Complaint with prejudice, for an Order and Judgment in dismissing Defendant Hudanick from this matter, and for any other and further relief that this Court deems just and proper under the circumstances.

REICHARDT NOCE & YOUNG LLC

By: /s/ Timothy J. Reichardt
Timothy J. Reichardt  #57684MO
tjr@reichardtnoce.com
12444 Powerscourt Drive
Suite 160
St. Louis, MO  63131
314/789-1199
314/754-9795 – Facsimile

*Attorneys for Defendant Hudanick*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed via CM/ECF eFiling System with a copy of the foregoing being served electronically on this 28th day of October, 2023 on all counsel of record.

/s/ Timothy J. Reichardt
