# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| THOMAS L. SANDERSON, an individual, <br><br>　　　　　　　Plaintiff, <br><br> vs. <br><br> ANDREW BAILEY, in his official capacity as Attorney General of the State of Missouri; and JAMES HUDANICK, in his official capacity as Chief of Police of the city of Hazelwood, Missouri <br><br>　　　　　　　Defendants. | Civil Action: <br><br> Case No.  4:23-cv-01242-SPM |

## OPPOSITION OF PLAINTIFF THOMAS L. SANDERSON TO DEFENDANT JAMES HUDANICK'S MOTION TO DISMISS

　　On October 3, 2023, Plaintiff filed a Complaint asserting a First Amendment challenge against Missouri Revised Statute 589.426(a)(3), which requires all persons listed on the sex offender registry to post government-prescribed signs at their residences on Halloween. Critically, Plaintiff's Complaint seeks prospective injunctive relief only, praying "that Defendants [Andrew Bailey, Attorney General of Missouri, and Defendatn James Hudanick, Chief of the Hazelwood Police Department] be enjoined in perpetuity from enforcing the Halloween Sign Posting Mandate codified at Missouri Revised Statute section 589.426, subd. (1)(3), against Plaintiff Sanderson or any other person." ECF No. 1, Compl. at 15.

1

On October 28, 2023, Defendant James Hudanick filed a conclusory, two-page Motion to Dismiss (MTD) the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 28.  Defendant Hudanick joins in the MTD filed by Defendant Andrew Bailey (ECF No. 27), to which Plaintiff responds in a separate filing.  (See ECF No. 36.)  In addition, Defendant Hudanick seeks dismissal of the claims against himself, alleging that "Plaintiff's claims fail to state a viable claim against Defendant Hudanick in that Plaintiff has failed to allege facts that support municipal liability [under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)]."  MTD at 1.

Defendant Hudanick's MTD should be denied because Plaintiff's claims are not premised upon "municipal liability" pursuant to the rule of law announced in *Monell*.  Instead, Plaintiff's claims are premised upon *Ex Parte Young*, 209 U.S. 123 (1908) and the "prospective injunctive relief" authorized by that decision.  The difference is this:  Although both *Monell* claims and *Ex Parte Young* claims can be asserted under 42 U.S.C. section 1983, *Monell* claims seek monetary or equitable relief against "a municipal entity . . . *[when] their injury was caused by a municipal policy or custom.*"  *Los Angeles County v. Humphries*, 562 U.S. 29, 30–31 (2010), emphasis added.  In contrast, "[u]nder the *Ex Parte Young* doctrine, a private party can sue a state officer in his official capacity to *enjoin a prospective action that would violate federal law.*"  *281 Care Committee v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011), emphasis added.  In other words, *Monell* claims are essentially retrospective, and arise from the defendant's enforcement of an unlawful policy or practice, whereas *Ex Parte Young* claims are prospective, seeking only to enjoin future violations of law.  See *Minn. RFL Republican Farm Labor Caucus v. Freeman*, 2020 WL 13331542, at *3 (D. Minn. March 23, 2020) (distinguishing between *Monell* claims and *Ex Parte Young* claims under Section 1983).

Although Defendant Hudanick's MTD does not assert otherwise, Plaintiff's Complaint adequately pleads a claim for prospective injunctive relief under *Ex Parte Young*. "In *Ex Parte Young*, the Supreme Court recognized [Eleventh Amendment] sovereign immunity does not bar 'certain suits seeking 'declaratory and injunctive relief against state officers in their individual capacities' based on ongoing violations of federal law.'" *Kodiak Oil & Gas (USA) Inc. v. Burr*, 932 F.3d 1125, 1131 (8th Cir. 2019). To determine whether *Ex Parte Young* authorizes a claim, the court conducts a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002).

In this matter, the relief demanded in the Complaint is "properly characterized as prospective" because Plaintiff seeks only to enjoin *future* enforcement of Section 589.426 by Defendant Hudanick's Department and others. ECF No. 1, Compl. at 15. Plaintiff does not seek retrospective relief in the form of damages or other remedy based upon the "municipal policy or custom" of the Hazelwood Police Department, which could implicate a *Monell* claim.

Furthermore, it is uncontestable that Defendant Hudanick is properly named in this case. To state a claim under *Ex Parte Young*, the "state officer" defendant must have "some connection with the enforcement of the [challenged] act." *281 Care Committee*, 638 F.3d at 632. "Whether one is a 'state official' depends on whether, in relation to the challenged statute, the person represents the state." *Freeman*, 2020 WL 13331542, at *2, citing *McMillian v. Monroe County*, 520 U.S. 781, 785-86 (1997) and *Evans v. City of Helena-West Helena*, 912 F.3d 1145, 1146-47 (8th Cir. 2019). The defendant need not technically be employed by the state. *Ibid.* Thus, in *Freeman*, the District Court held that "four Minnesota county attorneys" who had "authority to prosecute violations of the challenged [state] statute" were "state officials" and thus

3

subject to "prospective injunctive relief" under *Ex Parte Young*. *Freeman*, 2020 WL 13331542, at *1, *3.

Here, Defendant Hudanick does not and cannot argue in good faith that he lacks "a connection to the enforcement of the challenged act," because he is Chief of the police department that recently enforced Section 589.426, and fought vigorously, if unsuccessfully, for his right to enforce that statute on Halloween this year. Accordingly, Defendant Hudanick is a "state official" subject to injunctive and declaratory relief under *Ex Parte Young*. See, e.g., *Bevis v. City of Naperville*, 2023 WL 2077392, *4 (N.D. Ill. Feb. 17, 2023) (because local city police chief "enforces both municipal and state laws, including the [challenged state law], [h]is duty to enforce both laws makes him a state official with the requisite 'connection' for an official-capacity [*Ex Parte Young*] suit against Illinois"). *Mitchell v. Atkins*, 387 F.Supp.3d 1193, 1200 (W.D. Wash. 2019) (same).

In sum, Defendant Hudanick's MTD is premised upon the assertion that Plaintiff asserts a claim for "municipal liability" *Monell*. However, Plaintiff's claim is not based upon *Monell*. Instead, Plaintiff seeks prospective relief under *Ex Parte Young*, which Defendant Hudanick does not contest. Because the premise of Defendant Hudanick's MTD is incorrect, it should be denied. Should the Court desire more precise pleading of Plaintiff's claim under *Ex Parte*

///

///

///

///

///

*Young*, Plaintiff respectfully requests leave to amend, which "should freely [be] give[n] [] when justice so requires." Fed. R. Civ. P. 15(a)(2).

| | |
|---|---|
| Dated:  November 10, 2023 | /s/  *Janice M. Bellucci*<br>Janice Madelyn Bellucci #108911 (CA)<br>*Admitted Pro Hac Vice*<br>Law Office of Janice M. Bellucci<br>2110 K Street<br>Sacramento, CA 95816<br>Telephone: (805) 896-7854<br>Email: jmbellucci@aol.com |
| Dated:  November 10, 2023 | /s/  *Matthew David Fry*<br>Matthew David Fry #57845 (MO)<br>Attorney for Plaintiff<br>Rosenblum, Schwartz, Fry & Johnson<br>120 S. Central Ave., Ste. 130<br>St. Louis, Missouri 63105<br>Telephone: (314) 862-4332<br>Email: mfry@rsfjlaw.com |

5