**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS L. SANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:23-cv-1242-JAR |
| vs. | ) | |
| | ) | |
| CATHERINE HANAWAY, | ) | |
| *in her official capacity as Attorney General* | ) | |
| *of the State of Missouri, et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on remand from the Eighth Circuit to determine the appropriate scope of injunctive relief in this case in light of the Supreme Court's recent holding in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025).

Plaintiff Thomas Sanderson filed this case in October 2023 seeking declaratory and injunctive relief against the State of Missouri and the City of Hazelwood to prohibit enforcement of a statute subsection requiring registered sex offenders to post a sign on their premises every Halloween stating, "No candy or treats at this residence." Mo. Rev. Stat. § 589.426.1(3). In his complaint, Sanderson asserted that this sign mandate constituted compelled speech in violation of the First and Fourteenth Amendments. He requested temporary restraining order for that Halloween and a permanent statewide injunction going forward.

The Court granted a TRO enjoining enforcement of the statute for Halloween 2023 and later set the case for a bench trial, which proceeded in June 2024. (Doc. 23,

1

51). In October 2024, the Court entered judgment in Sanderson's favor, declaring the sign mandate unconstitutional and enjoining its enforcement statewide. (Doc. 70, 71). Defendants appealed. In January 2026, the Eighth Circuit affirmed the Court's declaratory judgment on the merits but vacated the statewide injunction in light of the Supreme Court's intervening decision in *Trump v. CASA*. *Sanderson v. Hanaway*, 163 F.4th 1101, 1109 (8th Cir. 2026). In *CASA*, the Supreme Court held that that "universal" injunctions are not authorized under the Judiciary Act of 1789; rather, injunctions cannot be "broader than necessary to provide complete relief to each plaintiff with standing to sue." 606 U.S. at 862.

On remand, the Eighth Circuit directed this Court to reconsider the appropriate scope of injunctive relief in accordance with the Supreme Court's opinion. Upon receipt of the mandate in April 2026, the Court invited the parties to brief the issue. In a one-paragraph filing, the State asserts without analysis that the injunction should be limited to the named parties. (Doc. 102). In two pages, Sanderson observes that the practical application of *CASA* to statewide injunctions in a First Amendment context is unclear. (Doc. 99). *Compare Welty v. Dunaway*, 791 F. Supp. 3d 818, 843 (M.D. Tenn. 2025) (concluding that *CASA* doesn't affect the availability of statewide equitable relief against state officials under *Ex parte Young*), *with Healthy Vision Ass'n v. Brown*, 2026 WL 473042, at *11 (N.D. Tex. Feb. 19, 2026) (limiting injunctive relief to the plaintiffs and their association members). The City of Hazelwood has not filed a position on the matter, and the time to do so has passed.

2

With this limited input from the parties, the Court's own analysis compels the conclusion that *CASA* was not intended to upset longstanding precedent permitting statewide injunctions under *Ex parte Young*, 209 U.S. 123 (1908).  In *CASA*, the Supreme Court put an end to the relatively modern practice of "universal" (i.e., nationwide) injunctions, reasoning that such broad equitable relief lacked historical authority. "The universal injunction was conspicuously nonexistent for most of our Nation's history." *CASA*, 606 U.S. at 845. "Even during the 'deluge of constitutional litigation that occurred in the wake of *Ex parte Young*, …' universal injunctions were nowhere to be found." *Id*. at 846 (citation omitted). "Because the universal injunction lacks a historical pedigree, it falls outside the bounds of a federal court's equitable authority under the Judiciary Act." *Id*. at 847. By contrast, the majority reasoned, "*Ex parte Young* justifies its holding by reference to a long line of cases authorizing suits against state officials in certain circumstances." *Id*. at 847 n.9 (citing cases from the nineteenth century). Thus, *CASA*'s majority opinion clearly found sufficient historical support for *statewide* equitable relief under *Ex parte Young*.

If there remained any doubt, Justice Kavanaugh's concurrence repeatedly confirms that *CASA* proscribes only *nationwide* injunctions involving *federal* statutes and executive actions. "The volume of preliminary-injunction and other pre-enforcement litigation over new federal laws and executive actions coming to this Court has been growing in recent years." *Id*. at 878. "[D]istrict courts can no longer award preliminary nationwide … relief except when such relief is legally authorized. And that salutary development will help bring substantially more order and discipline to the

3

ubiquitous preliminary litigation over new federal statutes and executive actions." *Id*. at 869. "Today's decision on district court injunctions will not affect this Court's vitally important responsibility to resolve applications for stays or injunctions with respect to major new federal statutes and executive actions." *Id*. at 878-79.

Based on the foregoing rationales, this Court concludes that *CASA* only precludes nationwide injunctions on federal officials; it doesn't disturb longstanding precedent authorizing statewide injunctions on state and local officials. Adhering to the Eighth Circuit's mandate, the Court finds that the scope of the original permanent injunction appears to remain appropriate in this case.

Ultimately, however, Sanderson advises the Court that he would not oppose an amended injunction limited to the named parties. In a separate filing on attorney fees, he explains that he acquiesced on this point in order to avoid further litigation. (Doc. 109 at 7). In this posture, regardless of the Court's interpretation of *CASA*, renewal of the original statewide injunction could potentially oblige Sanderson to defend an appeal in which he has no personal interest. Consequently, the Court finds it appropriate to modify the injunctive portion of the judgment by agreement of the parties.

Accordingly, by agreement of the parties,

**IT IS HEREBY ORDERED** that the injunctive relief granted in the Court's

original judgment is **AMENDED** to state as follows:

The State of Missouri, by and through Defendant Catherine Hanaway in her official capacity as Attorney General, and the City of Hazelwood, by and through Defendant James Hudanick in his official capacity as Chief of Police, and their respective officers, agents, employees, and attorneys, are **PERMANENTLY ENJOINED** from implementing, applying, or taking any action whatsoever to enforce against Plaintiff Thomas L. Sanderson Missouri Revised Statute Section 589.426.1(3), requiring any person required to register as a sexual offender under sections 589.400 to 589.425 to post a sign at his or her residence stating, "No candy or treats at this residence" on October thirty-first. This Order only relates to the enforcement of Section 589.426.1(3) of the Halloween Statute and does not affect the validity of its other sections.

The Court's original judgment declaring Mo. Rev. Stat. § 589.426.1(3)

unconstitutional remains in effect as affirmed by the United States Court of Appeals for

the Eighth Circuit.

Dated this 29th day of May 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

5